IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 14-15-GF-BMM-1 |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| vs. | |
| ELAINE FAST HORSE, | |
| Defendant. | |

## I. Synopsis

The United States accused Ms. Fast Horse of violating her conditions of supervised release by (1) failing to appear for scheduled one-on-one substance abuse treatment meetings on several occasions, (2) failing to report for urinalysis testing on multiple occasions, (3) being terminated from her employment, (4) failing to complete substance abuse treatment, (5) failing to participate in substance abuse treatment, (6) providing a urine sample that tested positive for methamphetamine on multiple occasions, (7) consuming a shot of alcohol, (8) failing to permit her probation officer from visit her at home, (9) submitting a urine sample belonging to someone else as her own, and (10) associating with a person convicted of a felony. Ms. Fast Horse admitted to all of the allegations except for one instance of testing positive for methamphetamine. Her supervised release

should be revoked. She should be sentenced to four months of custody, with thirty-two months of supervised release to follow to include two months at Passages and six months at a Residential Reentry Center in Billings, Montana.

## II. Status

Ms. Fast Horse pleaded guilty to Assault with a Dangerous Weapon in September 2014. (Doc. 31.) United States District Judge Brian Morris sentenced her to twenty-eight months in custody followed by thirty-six months of supervised release. (Doc. 37.) She began her current term of supervised release on March 28, 2016.

**Petition**

The United States Probation Office filed a petition asking the Court to revoke Ms. Fast Horse's supervised release on November 16, 2016. (Doc. 42.) The Probation Office accused her of violating her conditions of supervised release by (1) failing to appear for scheduled one-on-one substance abuse treatment meetings on several occasions, (2) failing to report for urinalysis testing on multiple occasions, (3) being terminated from her employment, (4) failing to complete substance abuse treatment, (5) failing to participate in substance abuse treatment, (6) providing a urine sample that tested positive for methamphetamine on multiple occasions, (7) consuming a shot of alcohol, (8) failing to permit her probation officer from visit her at home, (9) submitting a urine sample belonged to someone

else as her own, and (10) associating with a person convicted of a felony. (*Id.*) Judge Morris issued a warrant for her arrest on the same day. (Doc. 43.)

**Initial appearance**

Ms. Fast Horse appeared before the undersigned on December 14, 2016, in Great Falls, Montana. Federal Defender Evangelo Arvanetes accompanied her. Assistant United States Attorney Ryan Weldon represented the United States.

Ms. Fast Horse said she had read the petition and understood the allegations. She waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Ms. Fast Horse admitted that she violated the conditions of her supervised release. The violations are serious and warrant revocation of her supervised release.

Ms. Fast Horse's violation grade is Grade C, her criminal history category is II, and her underlying offense is a Class C felony. She could be incarcerated for up to twenty-four months. She could be ordered to remain on supervised release for thirty-six months, less any custody time imposed. The United States Sentencing Guidelines call for four to ten months in custody.

Mr. Arvanetes recommended a term of four months in custody, with supervised release to follow to include PTSD treatment and time at the Residential

Reentry Center in Billings, Montana. Mr. Weldon agreed that four months in custody with supervised release to follow is a reasonable sentence. Ms. Fast Horse addressed the Court and stated that she suffers from mental issues because she was sexually assaulted by a family member when she was three-years-old, and her family did not believe her allegations.

## III.  Analysis

Ms. Fast Horse's supervised release should be revoked because she admitted violating its conditions. She should be sentenced to four months in custody, with thirty-two months of supervised release to follow to include two months at Passages and six months at the Residential Reentry Center in Billings, Montana. This sentence would be sufficient given the serious violation of the Court's trust, but it would not be greater than necessary.

## IV.  Conclusion

Ms. Fast Horse was advised that the above sentence would be recommended to Judge Morris. The Court reminded her of her right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider her objection, if it is filed within the allotted time, before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> Elaine Fast Horse violated her conditions of supervised release by (1) failing to appear for scheduled one-on-one substance abuse treatment meetings on several occasions, (2) failing to report for urinalysis testing on multiple occasions, (3) being terminated from her employment, (4) failing to complete substance abuse treatment, (5) failing to participate in substance abuse treatment, (6) providing a urine sample that tested positive for methamphetamine on multiple occasions, (7) consuming a shot of alcohol, (8) failing to permit her probation officer from visit her at home, (9) submitting a urine sample belonged to someone else as her own, and (10) associating with a person convicted of a felony.

The Court **RECOMMENDS:**

> The district court should enter the attached Judgment, revoking Ms. Fast Horse's supervised release and committing her to the custody of the United States Bureau of Prisons for four months, with thirty-two months of supervised release to follow to include two months at Passages and six months at the Residential Reentry Center in Billings, Montana.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written

objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 20th day of December 2016.

/s/ John Johnston
John Johnston
United States Magistrate Judge