**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>vs.<br><br>ELAINE FAST HORSE,<br><br>             Defendant. | CR 14-15-GF-BMM-JTJ<br><br>**FINDINGS AND**<br>**RECOMMENDATIONS** |

## I.  Synopsis

Defendant Elaine Fast Horse (Fast Horse) has been accused of violating the conditions of her supervised release by using a controlled substance, and by failing to successfully complete her programming at the Great Falls Transition Center.  Fast Horse has admitted the alleged violations.  Fast Horse's supervised release should be revoked.  Fast Horse should be incarcerated for 5 months, with 25 months of supervised release to follow.  Fast Horse should serve her term of custody at the Federal Detention Center in SeaTac, Washington.

## II.  Status

Fast Horse pleaded guilty to Assault with a Dangerous Weapon on September 9, 2014.  (Doc. 31).  The Court sentenced Fast Horse to 28 months of

custody, followed by 3 years of supervised release. (Doc. 37). Fast Horse's term of supervised release began on December 14, 2018. (Doc. 71 at 2).

**Petition**

The United States Probation Office filed a Petition requesting that the Court revoke Fast Horse's supervised release on January 17, 2019. (Doc. 71). The Petition alleged that Fast Horse violated the conditions of her supervised release by using a controlled substance, and by failing to successfully complete her programming at the Great Falls Transition Center. United States District Judge Brian M. Morris issued a warrant for Fast Horse's arrest on January 17, 2019. (Doc. 72).

**Initial appearance**

Fast Horse appeared before the undersigned for her initial appearance on February 5, 2019. Fast Horse was represented by counsel. Fast Horse stated that she had read the petition and that she understood the allegations. Fast Horse waived her right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on February 5, 2019. Fast Horse admitted that she had violated the conditions of his supervised release by using a

controlled substance, and by failing to successfully complete her programming at the Great Falls Transition Center. The violations are serious and warrant revocation of Fast Horse's supervised release.

Fast Horse's violations are Grade C violations. Fast Horse's criminal history category is II. Fast Horse's underlying offense is a Class C felony. Fast Horse could be incarcerated for up to 24 months. She could be ordered to remain on supervised release for up to 30 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 4 to 10 months.

Fast Horse requested a term of custody of 4 to 5 months. The Government requested a term of custody of 5 months.

### III.  Analysis

Fast Horse's supervised release should be revoked. Fast Horse should be incarcerated for 5 months, with 25 months of supervised release to follow. This sentence is sufficient but not greater than necessary. Fast Horse should serve her term of custody at the Federal Detention Center in SeaTac, Washington. The supervised release conditions imposed previously should be continued.

### IV.  Conclusion

The Court informed Fast Horse that the above sentence would be recommended to Judge Morris. The Court also informed Fast Horse of her right to

object to these Findings and Recommendations within 14 days of their issuance.

The Court explained to Fast Horse that Judge Morris would consider a timely

objection before making a final determination on whether to revoke her supervised

release and what, if any, sanction to impose.  Fast Horse stated that she wished to

waive her right to object to these Findings and Recommendations, and that she

wished to waive her right to allocute before a United Stated district court judge.

The Court **FINDS:**

> That Elaine Fast Horse violated the conditions of her supervised release by
> using a controlled substance, and by failing to successfully complete her
> programming at the Great Falls Transition Center.

The Court **RECOMMENDS:**

> That the District Court revoke Fast Horse's supervised release and
> commit her to the custody of the United States Bureau of Prisons for a
> term of 5 months, with a 25 months of supervised release to follow.
> Fast Horse should serve her term of custody at the Federal Detention
> Center in SeaTac, Washington.


### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and

Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing.  28 U.S.C. § 636(b)(1).  A district court judge will make a de

novo determination regarding any portion of the Findings and Recommendations

to which objection is made.  The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 6th day of February, 2019.


John Johnston
United States Magistrate Judge

5